**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:19-cv-01855

REBECCA WILLIAMS, an individual,

      Plaintiff,

v.

UNITED STATES SPACE FOUNDATION, a Colorado nonprofit corporation,

      Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Rebecca Williams ("Ms. Williams"), through counsel, Lewis Kuhn Swan PC, submits her Complaint and Jury Demand as follows:

**INTRODUCTION**

1.      This proceeding seeks damages to redress violations of Ms. Williams's rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Colorado state law.

**PARTIES**

2.      Ms. Williams is an individual domiciled in Colorado.

3.      Defendant United States Space Foundation ("Space Foundation") is a nonprofit corporation organized under the law of the State of Colorado with its headquarters and principal place of business in Colorado Springs, Colorado.

**JURISDICTION AND VENUE**

4.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 as this action is brought under the FLSA.

5.      This Court has supplemental jurisdiction for the claim asserted under Colorado state law in that the state law claim is part of the same case and controversy as the FLSA claim, the federal and state claims derive from a common nucleus of operative facts, the state claim will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful conduct complained of herein arose and occurred in the District of Colorado.

## GENERAL ALLEGATIONS

7.      Space Foundation "is a global, nonprofit advocate for the advancement of space-related endeavors to inspire, educate, connect, and advocate for the global space community." *See* https://www.spacefoundation.org/what-we-do (last accessed June 26, 2019).

8.      Ms. Williams began working for Space Foundation in or around 2012. In or around November 2014, Ms. Williams changed positions within Space Foundation and became the "Space Awareness Program Coordinator."

9.      In this position, Ms. Williams was paid approximately $50,000 annually. Space Foundation classified Ms. Williams as exempt from the overtime requirements of federal and Colorado state law.

10.     Ms. Williams maintained her position until her termination in or around June 2019.

11.     Job title notwithstanding, an analysis of Ms. Williams's actual job duties makes plain she was non-exempt from the overtime and minimum wage requirements of the FLSA and Colorado state law.

12.     Among other things, Ms. Williams did not exercise discretion and independent

judgment with respect to matters of significance; did not perform work directly related to the management or general business operations of Space Foundation; did not have authority to approve spending; and did not supervise any other employee. Rather, she was tasked with low-level job duties and was, based on her job duties, affirmatively denied the title "manager."

13. As a non-exempt employee, Ms. Williams was entitled to receive overtime compensation at a rate of not less than one-and-one-half her regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. She was also entitled to minimum wages for all other hours: $7.25 federally and, as set out below, $10.20 under applicable state law.

14. Ms. Williams frequently worked in excess of forty (40) hours per workweek and often worked more than fifty (50) hours per workweek. For example, during weeks in which the annual Space Symposium was held, Ms. Williams worked approximately seventy (70) hours per workweek.

15. Ms. Williams did not receive the full overtime and minimum wage compensation to which she was entitled.

**FIRST CLAIM FOR RELIEF**
**Fair Labor Standards Act**
**(29 U.S.C. §§ 201 *et seq.*)**

16. Ms. Williams incorporates by reference all preceding paragraphs of this Complaint.

17. At all times relevant to this Complaint, Space Foundation was an employer within the meaning of the FLSA.

18. At all times relevant to this Complaint, Space Foundation employed Ms. Williams within the meaning of the FLSA.

19. Ms. Williams worked in excess of forty (40) hours per workweek during her

employment and was thus entitled to overtime compensation at a rate of not less than one-and-one-half her regular rates of pay.

20.     Ms. Williams did not receive all minimum wages and overtime compensation to which she was entitled.

21.     Space Foundation's violations of the FLSA were not in good faith because, among other things, it was well aware of its legal obligation to pay minimum wage and overtime compensation because it employs individuals to whom it pays overtime premiums.

22.     Space Foundation failed to make, keep, and preserve records with respect to Ms. Williams sufficient to determine the wages, hours, and other conditions and practices of her employment in violation of the FLSA.

23.     Space Foundation's pay violations were not in good faith, and, thus, Ms. Williams is entitled to liquidated damages.

24.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA pursuant to 29 U.S.C. § 255(a).

25.     Due to Space Foundation's FLSA violations, Ms. Williams is entitled to recover from Space Foundation unpaid minimum wages and overtime compensation, actual and liquidated damages, including Space Foundation's share of FICA, FUTA, Colorado unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b) in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Colorado Minimum Wage Order/Colorado Wage Payment Act
### (7 CCR § 1103-1)

26.     Ms. Williams incorporates by reference all preceding paragraphs of this Complaint.

27.     At all times relevant to this Complaint, Space Foundation employed Ms. Williams within the meaning of the Colorado Minimum Wage Order, set forth at 7 CCR § 1103-1, which is applicable to Space Foundation.

28.     Space Foundation willfully violated the Colorado Minimum Wage Order by failing to pay Ms. Williams at a rate not less than one-and-one-half her regular rates of pay for each hour she worked in excess of forty (40) per workweek and/or twelve (12) in any one workday.

29.     Space Foundation also violated the Colorado Minimum Wage Order by failing to pay Ms. Williams minimum wages to which she was entitled.

30.     Due to Space Foundation's Colorado Minimum Wage Order violations, Ms. Williams is entitled to recover from Space Foundation unpaid overtime compensation, actual damages, including Space Foundation's share of FICA, FUTA, Colorado unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, and costs and disbursements of this action pursuant to the Colorado Minimum Wage Order in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Williams prays for the following relief:

1.     Judgment in her favor on her claims for relief;

2.     Nominal, pecuniary, actual, and compensatory damages;

3.     Liquidated and/or punitive damages as a result of Space Foundation's willful failure to pay overtime compensation;

4.     Liquidated and/or punitive damages as a result of Space Foundation's willful failure to keep and maintain accurate pay records.

5.      Costs and expenses of this action together with attorneys' and experts' fees;

6.      Damages representing Space Foundation's share of FICA, FUTA, Colorado unemployment insurance, and any and all other required employment taxes;

7.      Pre- and post-judgment interest at the maximum rate permitted by applicable law;

8.      A declaratory judgment that Space Foundation's conduct complained of herein is unlawful; and

9.      Any and all such other and further legal and equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Williams hereby demands a jury trial on all issues to which she has a right to jury trial.

Respectfully submitted this 26th day of June, 2019.

> /s/ Andrew E. Swan
> Paul F. Lewis
> Michael D. Kuhn
> Andrew E. Swan
> LEWIS | KUHN | SWAN PC
> 620 North Tejon Street, Suite 101
> Colorado Springs, CO 80903
> Telephone:    (719) 694-3000
> Facsimile:    (866) 515-8628
> Email:        plewis@lks.law
>               mkuhn@lks.law
>               aswan@lks.law
>
> *Attorneys for Plaintiff*